IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOTOWN RECORD COMPANY, L.P., et. al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: 2:05-cv-273-F ) WO |
| DEMARK LIGGINS, | ) ) |
| Defendant. | ) |

## ORDER

This cause is before the Court on Defendant's Motion to Set Aside Entry of Default (Doc. # 14). Upon consideration, the Court finds that this motion is due to be GRANTED.

### I. Background and Procedural History

On March 23, 2005, Plaintiffs Motown Record Company, L.P., Elektra Entertainment Group, Inc., Virgin Records America, Inc., UMG Recordings, Inc., Capitol Records, Inc., Sony BMG Music Entertainment, and Arista Records, LLC (hereinafter "Plaintiffs") filed a Complaint against Defendant DeMark Liggins (hereinafter "Liggins") alleging copyright infringement in violation of 17 U.S.C. § 101, *et. seq.* Plaintiffs seek injunctive relief and statutory damages pursuant to 17 U.S.C. § 504.

On March 24, 2005, the Clerk of the Court signed and returned a Summons and copy of the Complaint to Plaintiff for personal service (Doc. # 3). On May 13, 2005, a return receipt was filed, showing that Liggins was personally served with the Summons and Complaint on May 11, 2005, with an answer due by May 31, 2005 (Doc. # 5). On July 12,

2005, Plaintiffs requested that the Clerk of the Court enter default against Liggins for failure to appear or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure (Doc. # 6). The Clerk entered default against Liggins on July 14, 2005 (Doc. # 7).

On August 17, 2005, Plaintiffs filed a Motion for Default Judgment (Doc. # 10). On August 19, 2005, this Court entered an Order requiring Liggins to show cause as to why the Motion for Default Judgment should not be granted (Doc. # 11). On September 2, 2005, Liggins filed an Answer (Doc. # 13) and a Motion to Set Aside Entry of Default (Doc. # 14).

Jurisdiction is invoked pursuant to 17 U.S.C. § 101, *et. seq.* (copyright) and 28 U.S.C. § 1331 (federal question).

## II. Discussion

Federal Rule of Civil Procedure 55(c) allows a court to set aside a clerk's entry of default "for good cause shown." Fed.R.Civ.P. 55(c). The decision to set aside an entry of default is within the discretion of the court. *Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir.1984). Defaults are not generally favored and doubts should be resolved in favor of permitting a hearing on the merits. *Rasmussen v. W.E. Hutton & Co.,* 68 F.R.D. 231, 233 (N.D. Ga. 1975).

In addition, the "good cause" standard to be applied in removing a party from default under Fed.R.Civ.P. 55(c) is more liberal than, and should not be confused with, the standard set out in Fed.R.Civ.P. 60(b) for setting aside a default judgment. In setting aside a default

2

judgment the courts apply an "excusable neglect" standard, which is more rigorous than the "good cause" standard that is utilized in setting aside an entry of default. *See Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988); *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

In his Motion to Set Aside Entry of Default, Liggins asserts that when he received the summons on May 11, 2005, it was dated March 24, 2005 and stated that he had 20 days to file an answer or a default judgment would be entered against him. He believed this to mean 20 days from March 24, 2005, thus he thought that a default judgment had already been entered against him. Due to family circumstances, he did not contact the Clerk's office to ask about the default judgment until the week of July 4, 2005. At that time, an individual in the Clerks' office notified him that a default judgment had not yet been entered against him and that he could respond to the summons. However, before he had a chance to file an answer, Plaintiffs moved to have a default judgment entered against him. He believed that this meant he no longer had the opportunity to respond, but later learned that he was still required to file a response. He then filed an answer and his Motion to Set Aside Entry of Default.

Having established the cause for Liggins' failure to timely respond to Plaintiffs' Complaint, and in light of the fact that Liggins promptly responded to the motion for default judgment, this Court finds that Liggins has made a bare minimum showing to support relief under Federal Rule of Civil Procedure 55(c). *See Jones at* 669 (holding that setting aside of

tort defendant's default prior to entry of judgment was not abuse of discretion based upon evidence that defendant made a bare minimum showing to support relief under Rule 55(c)). As a result, upon consideration of the good cause[1] shown, the Court concludes that Liggins' motion to set aside default is due to be GRANTED.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that:

1. The Motion to Set Aside Default (Doc. # 14) is GRANTED. The Default entered by the Clerk of the Court against Liggins (Doc. # 7) is hereby set aside.

2. The Motion for Default Judgment (Doc. # 10) is DENIED as MOOT.

DONE this 17th day of October, 2005.

                                                  /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that it does not excuse Defendant's failure to timely respond to Plaintiffs' Complaint and this opinion does not hold that a party's *pro se* status discharges the responsibility to timely respond to a Complaint. Nonetheless, due to the specific facts of this case and the relief sought by Plaintiff, the Court concludes that its doubts should be resolved in favor of permitting a hearing on the merits. *See Rasmussen, supra.*