IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOTOWN RECORD COMPANY, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )CIVIL ACTION NO. 2:05cv273-MEF |
| | )      [WO] |
| DEMARK LIGGINS, | ) |
| Defendant. | ) |

## ORDER ON MOTION

For good cause, it is

ORDERED that, because the court juxtaposed the plaintiff's and defendant's obligations in its order filed on 26 January 2006 (Doc. # 27), that order is hereby VACATED.  Accordingly, it is

ORDERED that the plaintiff's Motion to Compel Initial Disclosures, filed on 25 January 2006 (Doc. # 25), is GRANTED.   The court requires that movants who file discovery certify that they have made good faith efforts to secure resolution of the discovery dispute before filing a motion.  In the instant case, the defendant has ignored or rejected the plaintiff's reasonable attempts to contact him.   He has failed to respond to written correspondence, and he has failed to return telephone calls.

Accordingly, it is further ORDERED as follows:

1.      On or before 3 February 2006, the defendant, DEMARK LIGGINS, shall serve upon or provide to the plaintiff's lawyer his initial disclosures.  The defendant,

DEMARK LIGGINS,[1] is specifically directed to make copies of his initial disclosures and deliver them to the plaintiff's  lawyer's offices or mail them in time for the lawyer's receipt by 3 February 2006.

2.    On or before 6 February 2006, the plaintiff, MOTOWN RECORD COMPANY, shall file with the Clerk of the court a Notice of Compliance with this order, setting forth the defendant's compliance or non-compliance with this order.

3.    The defendant is CAUTIONED that his failure to obey the directives in this order will lead to the court's imposition of monetary sanctions against him.

DONE this 26th day of January, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[1]In the previous order, the "plaintiff" was directed to serve disclosures.  This order corrects that error and makes clear that it is the defendant who should serve his initial disclosures upon the plaintiff's lawyer.