IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MOTOWN RECORD COMPANY, L.P., et al., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:05CV273-MEF [WO] |
| DEMARK LIGGINS, | ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

On 20 April 2006, the plaintiff filed an alternative Motion To Compel defendant's discovery responses (Doc. # 35). Upon review of the motion, the court is unable to discern the responses which the plaintiff seeks or the responses which were presumably withheld. Moreover, the plaintiff has failed to set forth the efforts made to resolve the alleged discovery dispute without the court's intervention.

Accordingly, it is

ORDERED that the motion be DENIED pursuant to the Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993.

The applicable provisions of this court's General Order reads as follows:

> the court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made a reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth

in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith *conference* before seeking court intervention. Discovery motions filed pursuant to these Rules *must be accompanied by a certification* that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. This court has interpreted the requirement to confer as a requirement that the parties conduct an in-person conference to facilitate a good faith effort to settle the dispute.

The court notes that the plaintiff's discovery requests appear to have been propounded on or about 24 February 2006. Thus, if the defendant has not responded to the interrogatories and the requests for production, the time for objections, pursuant to Rules 33(b)(3) and 34(b) of the FED. R. CIV. P., has expired. Thus, in the absence of responses or objections, regardless of good faith conferences, the defendant may not assert objections at this time.

DONE this 27th day of April, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE