IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MOTOWN RECORD COMPANY, L.P., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:05-cv-273-MEF |
| DEMARK LIGGINS, | ) ) | (WO-Not for Publication) |
| Defendant. | ) ) | |

**AMENDED MEMORANDUM OPINION AND ORDER**

Plaintiffs bring suit against DeMark Liggins, alleging copyright infringement in violation of 17 U.S.C. § 101 *et seq*. Plaintiffs seek injunctive relief, statutory damages, costs, and attorney's fees. This cause is presently before the Court on Plaintiffs' Motion for Summary Judgment, or in the Alternative, to Compel Defendant's Discovery Responses and Extend the Dispositive Motion Deadline (Doc. # 33). The Court will also address what it construes as Defendant's motion to amend admissions (Doc. # 39). The Court has carefully considered the pleadings, briefs, and evidentiary submissions. For the reasons stated herein, the motion to amend admissions is due to due to be granted, and the motion for summary judgment is due to be denied.

**I. Jurisdiction and Venue**

The court exercises subject matter jurisdiction over this action pursuant 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright). The parties contest neither personal jurisdiction nor venue, and the Court finds a sufficient factual basis for each.

## II. Procedural History

On March 24, 2005, Plaintiffs Motown Record Co., L.P., Elektra Entertainment Group Inc., Virgin Records America, Inc., UMG Recordings, Inc., Capitol Records, Inc., Sony BMG Music Entertainment, and Arista Records LLC filed the Complaint (Doc. # 1). On July 12, 2005, Plaintiffs requested that the Clerk enter default, which the Clerk did on July 14, 2005. (Doc. # 7.) Plaintiffs then sought a default judgment, and the Court ordered Defendant to show cause by September 2, 2005 why a default judgment should not be entered. (Doc. # 11.) On September 2, 2005, Defendant filed an Answer (Doc. # 13) and a Motion to Set Aside Entry of Default (Doc. # 14). The Court granted the Motion to Set Aside Entry of Default. (Doc. # 15.)

Plaintiffs filed a Motion to Compel Initial Disclosures (Doc. # 25) on January 25, 2006. The Court granted the motion, giving Defendant until February 3, 2006 to provide initial disclosures to Plaintiffs' counsel. (Doc. # 28.) Plaintiffs informed the Court on February 6, 2006, that Defendant had not provided his initial disclosures. (Doc. # 29.) Plaintiffs filed a motion to extend the dispositive motion deadline for thirty days (Doc. # 30), which the Court granted (Doc. # 31).

On April 20, 2006, Plaintiffs filed a Motion for Summary Judgment, or in the Alternative, to Compel Defendant's Discovery Responses and Extend the Dispositive Motion Deadline (Doc. # 33). The alternative Motion to Compel was denied for failure to specify which responses were sought and for failure to file a certification that Plaintiffs attempted

to confer with Defendant. (Doc. # 37.)

Defendant filed his response (Doc. # 39) to the Motion for Summary Judgment on May 9, 2006. The response stated that Defendant was submitting in opposition to the motion his answers to (1) the requests for admissions, and (2) the interrogatories; he attached these answers as exhibits to the response. Plaintiffs filed a motion for extension of time to file their reply brief (Doc. # 38), which the Court granted (Doc. # 40). Plaintiffs filed their reply brief on May 22, 2006 (Doc. # 42).

### III. Facts

The Court has carefully considered all documents submitted in support of and in opposition to the motion. Viewed in the light most favorable to the Defendant, the submissions of the parties establish the following facts[1]:

As of June 9, 2004, Defendant DeMark Liggins subscribed to internet service provided by Charter Communications, Inc., for the computer that he owned at his residence. He had the right and ability to supervise or control the use of the computer as of that date.

Nicholas Eden downloaded an online media distribution system to the computer, and Defendant was aware that he had done so. Defendant used the screen name "prettyassnupe@fileshare" while connected to an online media distribution system. Besides Defendant, at least twenty people (1) used the computer during the three years prior to the filing of the

---

[1] The statement of facts reflects the Court's decision, *infra*, to allow Defendant to amend his admissions.

Complaint on March 24, 2005, and (2) used or may have used the screen name "prettyassnupe@fileshare."

Plaintiffs own a copyright in each of the recordings listed in Exhibit A to the Complaint (Doc. # 1) ("Exhibit A recordings"). Defendant did not download each of these recordings.

## IV. Defendant's Response to Summary Judgment Motion Construed as a Motion to Amend Admissions

Defendant has not filed a formal motion to withdraw or amend his deemed admissions. However, he responded to the motion for summary judgment by submitting his responses to Plaintiffs' requests for admissions and interrogatories. A response to a summary judgment motion may be construed as a motion to withdraw or amend admissions. *See, e.g.*, *Bergemann v. United States,* 820 F.2d 1117, 1120-21 (10th Cir. 1987); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 686 (M.D. Fla. 2005). The Court will construe Defendant's response to the summary judgment motion as a motion to amend his deemed admissions.

Rule 36(a) allows a party to "serve upon any other party a written request for the admission . . . of the truth of any matters . . . that relate to statements or opinions of fact or of the application of law to fact." Fed. R. Civ. P. 36(a). If a party does not respond within thirty days of service of the requests, or within such time as court allows or the parties agree to in writing, "[t]he matter is admitted." *Id.*

"Any matter admitted [under Rule 36] is conclusively established unless the court on

motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). Withdrawal or amendment is permitted where "the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Id.* The court should therefore apply a two-part test to determine whether to allow withdrawal or amendment. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002). The court should first consider "whether the withdrawal will subserve the presentation of the merits." Second, it should "determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.*

The first prong of the test "emphasizes the importance of having the action resolved on the merits." *Id.* at 1266 (quoting *Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1577 (1988)). It is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). As to the second prong, "[t]he prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth," but it instead "relates to the difficulty a party may face in proving its case . . . because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Smith*, 837 F.2d at 1578 (quoting *Brook Village N. Assoc. v. Gen. Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982)).

The Court concludes that both prongs of the test are met, and will therefore allow

5

amendment of Defendant's admissions. As to the first prong of the test, amendment of the admissions will subserve the "ascertainment of the truth and the development of the merits." *See id.* at 1266. In this case, "upholding the admissions would practically eliminate any presentation of the merits of the case." *See id.* (quoting *Hadley*, 45 F.3d at 1348). Turning to the second prong of the test, the Court also finds that amendment will not prejudice Plaintiffs. The prejudice contemplated by Rule 56(f) relates to the ability of the party that obtained the admissions to prepare for trial. *See Smith*, 837 F.2d at 1578. The Court therefore cannot find that any impact amendment may have on Plaintiffs' ability to seek summary judgment constitutes prejudice. However, to ensure that amendment of Defendant's deemed admissions will not prejudice Plaintiffs in presenting the merits of the case at trial, the Court will reopen discovery solely for the purpose of allowing Plaintiffs to depose the Defendant. This deposition must be completed on or before December 18, 2006.

## V.  Motion for Summary Judgment

### A. *Standard of Review*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI*

*Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (internal quotation marks and citations omitted)).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor.  *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003) (the evidence

7

and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

*B. Discussion*

The owner of a copyrighted sound recording has the exclusive right to reproduce it in copies or phonorecords or to "distribute copies or phonorecords of the copyrighted work to the public." 17 U.S.C. § 106(1), (3). Anyone who violates any of the exclusive rights of the copyright owner is an infringer of the copyright. 17 U.S.C. § 501(a). "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Posting or downloading copyrighted music files using a file-sharing network constitutes copyright infringement. *See BMG Music v. Gonzalez*, 430 F.3d 888, 889 (7th Cir. 2005); *cf. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, ___, 125 S. Ct. 2764, 2775-2776 (2005). "Public distribution of a copyrighted work is a right reserved to the copyright owner, and usurpation of that right constitutes infringement." *Cable/Home Comm. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 843 (11th Cir. 1990).

Plaintiffs' Motion for Summary Judgment is based upon their contention that each of

their requests for admissions is deemed admitted because Defendant failed to respond to the requests. However, now that Defendant has been allowed to amend his admissions, the Court must determine whether the amended admissions, as well as the any other evidence pointed to by Plaintiffs in their motion, demonstrate that there is no genuine issue of material fact.

The Court concludes that there is a genuine issue of material fact that precludes granting summary judgment: whether Defendant copied or distributed any of Plaintiffs' recordings. In his responses to the requests for admissions, Plaintiff did not admit that he copied or distributed any of Plaintiffs' recordings. Plaintiffs have not demonstrated the absence of a genuine issue of material fact, and their motion is therefore due to be denied.

## VI. Conclusion

For the reasons set forth above, it is hereby ORDERED that:

(1) Defendant's response to the motion for summary judgment (Doc. # 39), construed as a motion to amend admissions, is GRANTED.

(2) Plaintiffs' Motion for Summary Judgment, or in the Alternative, to Compel Defendant's Discovery Responses and Extend the Dispositive Motion Deadline (Doc. # 33) is DENIED.

(3) Discovery will be reopened for the limited purpose of allowing Plaintiffs to depose Defendant. The deposition must be completed on or before December 18, 2006.

DONE this 9th day of November, 2006.

                                        /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE